UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ARTHUR PORTER,

                Plaintiff,                Case No. 1:08-cv-429

v.                                                    Honorable Paul L. Maloney

JENNIFER GRANHOLM et al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is incarcerated in the E.C. Brooks Correctional Facility. He was convicted in the Wayne County Circuit Court of assault with intent to commit great bodily harm less than murder and possession of a firearm during the commission of a felony, for which he was sentenced on July 9, 2001, to imprisonment of one to ten years and two years, respectively. Plaintiff's complaint concerns the denial of his parole by the Michigan Parole Board. In his *pro se* complaint, he sues Governor Jennifer Granholm, Michigan Department of Corrections (MDOC) Director Patricia Caruso and Michigan Parole Board Chairperson Barbara Sampson.

Plaintiff first became eligible for parole in 2004. Since that time, he has been denied parole five times. In each case, Plaintiff scored as having a high probability of parole. The parole board may depart from the guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reason stated in writing." *See* MICH. COMP. LAWS § 791.233(e)(6). In its most recent decision denying his parole issued on March 9, 2008, the parole board provided the following substantial and compelling reason for denying Plaintiff's parole: "P waived the PB interview and therefore the PB unable to determine if P has gained insight into his criminal behavior. P is still considered a risk to the general public." (3/9/08 Parole Board Notice of Action, Exhibit 1, docket #1.) Plaintiff claims that he did not attend the parole board interview because a parole board member told him at his second interview that he would not be paroled so long as he was pursuing an appeal of his criminal conviction. Plaintiff further contends that a parole board interview is not required to grant parole to a prisoner who scores as having a high probability of parole; and, thus,

his waiver of the interview cannot serve as a substantial and compelling reason for denying his parole.

The parole board gave the following substantial and compelling reasons for the previous four parole denials:

> P did not want to discuss his involvement in this offense, added the case was still under appeal.  Subsequently, there is no way P's risk can be assessed which means that risk still remains high, this does not support positive Bd action.

(4/4/07 Parole Board Notice of Decision, docket #1-4.)

> During his PBI [parole board interview] P impressed as being the real V [victim] in this case.  Despite credible evidence to the contrary he denies shooting the V but admits to drawing the weapon on him twice, discharging once, this is reckless behavior and does not support Pos PB action.

(3/4/06 Parole Board Notice of Decision, docket #1-5.)

> P was involved in a cold-blooded shooting of another individual.  PB des not have evidence that P has gained insight into his criminal behavior and therefore, the risk to the public remains.

(6/6/05 Parole Board Notice of Decision, docket #1-6.)

> P was not able to demonstrate any insight into his assaultive offense during his PB interview.  P is viewed as a risk w/o this needed insight, remorse and empathy for his victim.

(1/21/04 Parole Board Notice of Decision, docket #1-7.)

Plaintiff asserts that the mandatory language of MICH. COMP. LAWS § 791.233(e)(6) limits the discretion of the parole board and creates a liberty interest in parole for prisoners who score as having a high probability of parole.  Plaintiff claims that the parole board has failed to provide a legitimate substantial and compelling reason for denying his parole.  He also argues that because prisoners cannot appeal the denial of parole in the Michigan courts, prisoners who score as having a high probability of parole have insufficient procedural safeguards to protect their liberty

interest. Plaintiff asserts that Governor Granholm is aware that the parole board is not obeying the mandatory parole guidelines, but failed to train supervise and discipline the members of the parole board.

Plaintiff further contends that the parole board is denying his parole in retaliation for accessing the courts to pursue his criminal appeal. According to Plaintiff, one parole board member told him at his first parole interview, "You're not sorry. You're appealing." (Compl. ¶ 22.) At his second parole interview, another parole member allegedly stated, "Do what you have to do [appeal the criminal conviction] but the Parole Board is not going to parole you as long as you [are] appealing your conviction." (Compl. ¶ 23.)

In addition, Plaintiff claims that permitting a criminal defendant to appeal his sentence on the ground that the trial court departed from the sentencing guidelines, while denying a prisoner from appealing the denial of his parole on the ground that the parole board departed from the parole guidelines, violates the Equal Protection Clause.

Finally, Plaintiff claims that the denial of his parole for a period of six years after he became eligible violates his Eighth Amendment right against cruel and unusual punishment when he scored as having a high probability of parole and the parole board failed to provide a legitimate substantial and compelling reason for denying his parole.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005), the Supreme Court clarified that §1983 remains available to a state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. *See also Thomas v. Eby,* 481 F.3d 434, 439-40 (6th Cir. 2007) (a plaintiff's challenge to parole procedures may proceed under § 1983 because it does not automatically imply a shorter sentence).

Plaintiff requests an injunction preventing Defendants from violating his federal rights in future parole proceedings, which would not necessarily demonstrate the invalidity of Plaintiff's continued confinement. However, he also seeks compensatory and punitive damages, which would necessarily require a finding by the Court that his confinement is invalid, which would be *Heck*-barred. Assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth below.

### A.     **Due Process**

Plaintiff claims that Defendant violated his due process rights by failing to provide valid substantial and compelling reasons for departing from the parole guidelines when denying his parole. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the

Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). In addition, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Furthermore, the Sixth Circuit has held that the presence of specific parole guidelines does not lead to the conclusion that parole release is mandated upon reaching a "high probability of parole." *Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). As stated by Supreme Court, a state's scheme may be specific or general in defining the factors to be considered by the parole

authority without necessarily mandating parole. *Greenholtz*, 442 U.S. at 7-8. At the time that *Sweeton* was decided, there were statutory factors to be considered by the parole board. *See Sweeton*, 27 F.3d at 1165 n.1 (noting that MICH. COMP. LAWS § 791.235 listed "a large number of factors to be taken into account by the board"). Although the current parole guidelines may be more detailed than the former statutory provision, they are still nothing more than factors that are considered by the board in assessing whether parole is appropriate. *Carnes*, 76 F. App'x at 80.

Until Plaintiff has served his maximum sentence, he has no reasonable expectation of liberty. In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim. *See Haynes*, 1990 WL 41025, at *1. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to consider Plaintiff for parole, therefore, implicates no federal right. In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights.

B.     **Equal Protection**

In addition, Plaintiff claims that permitting a criminal defendant to appeal his sentence on the ground that the trial court departed from the sentencing guidelines,[1] while denying a prisoner who scores as having a high probability of parole from appealing the denial of his parole on the ground that the parole board departed from the parole guidelines, violates the Equal Protection Clause.

The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const.

---

[1] Under Michigan's legislative sentencing guidelines, a trial court may depart from the statutory minimum range only when substantial and compelling reasons exist to do so. MICH. COMP. LAWS § 769.34(3).

amend. XIV, § 1. As the Sixth Circuit has explained, "to withstand Fourteenth Amendment scrutiny, statutes that do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest." *Jackson v. Jamrog*, 411 F.3d 615, 618 (6th Cir. 2005) (quoting *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002)). Plaintiff is not a member of a suspect class and he does not allege a violation of a fundamental right. "Without question, prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson*, 411 F.3d at 619; *see also Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). In addition, as discussed above, there is no fundamental right to parole under the Constitution. *Allen*, 482 U.S. at 373; *Jackson*, 411 F.3d at 619.

Because neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Club Italia*, 470 F.3d at 298. "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens*, 411 F.3d 697, 710 (6th Cir. 2005)). The plaintiff bears the burden of demonstrating that the government lacks a rational basis, and they may satisfy this burden either by negating "'every conceivable basis which might support the government action, or by demonstrating that the challenged government action was motivated by animus or ill-will.'" *Id.* (quoting *Warren*, 411 F.3d at 711). The State, conversely, bears no burden of proof; its legislative choice is presumptively valid and "'may be based on rational speculation unsupported by evidence or empirical data.'" *Id.* (quoting *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 790 (6th Cir. 2005)).

For purposes of equal protection analysis, a prisoner being denied parole is not similarly situated to a person being sentenced for a criminal conviction. A criminal defendant is vested with numerous constitutional rights during the criminal proceedings, including sentencing. Because a sentence represents the punishment being imposed by the trial court for a criminal offense, a criminal defendant may challenge the sentencing proceedings under the Due Process Clause. *See, e.g., Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005) (citing "the general rule that a violation of due process exists when a sentencing judge relies upon erroneous information" (internal quotation marks and citations omitted)). A prisoner bring considered for parole does not have the same constitutional rights as a person being sentenced. Plaintiff already has been convicted and sentenced, and, as discussed above, does not have a liberty interest in parole under Michigan's discretionary parole system. *See Sweeton*, 27 F.3d at 1164-65. In addition, the Sixth Circuit has held that the Michigan statute which permits an appeal to state court by prosecutors and crime victims from decisions of state parole board granting parole, but provides no equivalent right of appeal to state prisoners who are denied parole does not violate the prisoner's equal protection rights because the statute is rationally related to legitimate state goal of eliminating frivolous lawsuits filed by prisoners. *Jamrog*, 411 F.3d at 620.

        C.    **Retaliation**

Plaintiff further claims that the parole board is denying his parole in retaliation for accessing the courts to pursue his criminal appeal. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3)

the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff's allegations do not support a claim of retaliation. The parole board did not deny Plaintiff's parole because he is appealing his criminal conviction; rather, the parole board denied Plaintiff's parole because he refuses to accept responsibility for his offense. This is illustrated by the parole board's decision denying Plaintiff's parole in 2007, where the board noted that Plaintiff refused to discuss his involvement in the offense because the case was on appeal. As a result of Plaintiff's unwillingness to discuss his involvement or culpability for the offense, the parole board was unable to assess his risk. In previous parole decisions, the parole board discussed that Plaintiff viewed himself as victim and had not gained insight into his criminal behavior. Moreover, it is well-settled that the Fifth Amendment right against self-incrimination is not implicated by the alleged pressure on a prisoner to admit, in order to improve his chances for parole, that he committed the crime for which he is incarcerated. *See Hawkins v. Morse,* No. 98-2062, 1999 WL 1023780, at *2 (6th Cir. Nov. 4, 1999) (citing *Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 285-88 (1998)). *See also Rice v. Mich. Parole Bd.*, No. 1:05-cv-549, 2005 WL 2297463, at *3-4 (W.D. Mich. Sept. 21, 2005) (Fifth Amendment extends only to proceedings in which answers might incriminate the individual in *future* criminal proceedings; therefore refusal to admit to crimes of which prisoner had already been convicted did not implicate Fifth Amendment) (emphasis in original). Consequently, Plaintiff's allegations fail to support a claim of retaliation or a violation of his Fifth Amendment rights.

D.  **Eighth Amendment**

Plaintiff claims that the denial of his parole for a period of six years after he became eligible violates his Eighth Amendment rights when he scored as having a high probability of parole and the parole board failed to provide a legitimate substantial and compelling reason for denying his parole. The Eighth Amendment to the United States Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment, protects against cruel and unusual punishments. *See* U.S. CONST., amend. VIII; *Harmelin v. Michigan*, 501 U.S. 957, 962 (1991). The Eighth Amendment prohibits conduct that involves the unnecessary and wanton infliction of pain. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The Sixth Circuit has held that "[t]he denial of parole clearly does not fall under this umbrella." *See Carnes*, 76 F. App'x at 81. Thus, Plaintiff fails to state an Eighth Amendment claim.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date: August 27, 2008                                           /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).