UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR PORTER,
        Plaintiff,

                                  No. 1:08-cv-429

-v-

                                  HONORABLE PAUL L. MALONEY

JENNIFER GRANHOLM, ET AL.,
        Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This matter comes before the court on a report and recommendation (Dkt. No. 6) issued by the magistrate judge. Plaintiff Arthur Porter is a prisoner under the control of the Michigan Department of Corrections (MDOC). Plaintiff was convicted in 2001 and became eligible for parole in 2004. Although he has scored as having a high probability of parole, the parole board has denied Plaintiff's parole every time he has come before them.[1] Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging he has been unconstitutionally deprived of his liberty due to his "high probability" status. The magistrate judge performed an initial review of the complaint and recommends dismissing the complaint for failure to state a claim. Plaintiff filed an objection. (Dkt. No. 7.) Plaintiff has since filed two supplemental memorandums (Dkt. Nos. 9 and 11), a motion for immediate consideration (Dkt. No. 13), an offer of proof (Dkt. No. 15), a second objection (Dkt. No. 19), and most recently a supplemental memorandum (Dkt. No. 21) to his second objection.

---

[1] Pursuant to both statute and administrative rules, the parole board uses a guideline score sheet to classify eligible prisoners into one of three parole categories: high, average and low. *See Killebrew v. Dep't of Corr.*, 237 Mich. App. 650, 653-654, 6045 N.W.2d 696, 698-699 (1999). The information considered includes, but is not limited to, the prisoner's offense, criminal history, conduct in prison, age, programs completed in prison, and past and present mental health. *Id.*

In his initial objection (Dkt. No. 7), Plaintiff concedes portions of his complaint cannot be redressed in a § 1983 suit and moves to dismiss, without prejudice, his claim for retaliation, cruel and unusual punishment, and his requests for a jury trial and monetary damages. In his second objection (Dkt. No. 19), Plaintiff withdraws his objections to the portions of the report and recommendation relating to his asserted liberty interest in parole. Plaintiff believes only two claims remain: (1) *People v. Babcock*, 469 Mich. 231, 666 N.W.2d 231 (2003) must be read into the parole statutes, and (2) Plaintiff has a liberty interest in his "high probability of parole" status. Plaintiff reiterates these two claims in his most recent supplement (Dkt. No. 21).

STANDARD OF REVIEW

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district

2

court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

ANALYSIS

Plaintiff's motion to withdraw portions of his complaint is **GRANTED.** Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff's claims for retaliation and for cruel and unusual punishment are **DISMISSED WITHOUT PREJUDICE.** This renders section II C and II D of the report and recommendation moot.

In his second objection (Dkt. No. 19), Plaintiff concedes he has no liberty interest in parole. Accordingly, section II A and II B of the report and recommendation are **ADOPTED WITHOUT OBJECTION** as the opinion of this court.

Having reviewed the complaint, the report and recommendation, and Plaintiff's multiple response, the court agrees with the magistrate judge's recommendation that the complaint be dismissed for failure to state a claim. As indicated by Plaintiff, he has only two objections to the R&R. He asserts the interpretation of the phrase "substantial and compelling reasons," as outlined in *Babcock*, must be applied to the parole statute. He contends he has a liberty interest in his high probability of parole score.

Plaintiff cannot prevail on his first argument that *Babcock* must be read into the parole statute. The factual situation in *Babcock* is materially distinct from Plaintiff's situation. The panel in *Babcock* interpreted the phrase "substantial and compelling reason" in the Michigan statute authorizing a sentencing court to depart from a sentence range established under the state sentencing guidelines, MCL § 769.34(3). The state court of appeals has historically had the authority to review a trial court's exercise of discretion in sentencing. *See Babcock*, 666 N.W.2d at 235-238 (describing

3

the nature of appellate review of sentences). The phrase "substantial and compelling reason" does not authorize or compel appellate review, it merely identifies the nature of the review the appellate court must perform. In contrast to the authority to review the discretionary aspect of sentences, there is no basis for reviewing the discretionary decisions to deny parole afforded to the parole board. The fact that the statute guiding the parole board's discretion uses the phrase "substantial and compelling reason" does not necessarily lead to the conclusion that the statute authorizes any sort of review of the parole board's decision. The legislature directs the parole board to depart by denying prisoner's with a high probability of parole for only substantial and compelling reasons. The legislature also opted to allow appeals of the parole process only for prosecutors and crime victims, not for prisoners. MCL 791.234(11). *See Jackson v. Jamrog*, 411 F.3d 615, 621 (6th Cir. 2005). Those two legislative choices are not inconsistent.

Plaintiff seeks a declaratory ruling that he has a "protected liberty interest" in his "high probability of parole" score. The complaint describes this claim in paragraphs 45 through 49 on page 11. Plaintiff repeats this claim throughout his various documents filed with the court. The essence of Plaintiff's claim is that the state statute, MCL § 791.233e(6) restricts the discretion of the parole board to deny parole when a prisoner has scored a high probability of parole. The relevant portion of the statute provides

> (6) The parole board may depart from the parole guideline by denying parole to a prisoner who has a high probability of parole as determined under the parole guidelines or by granting parole to a prisoner who has a low probability of parole as determined under the parole guidelines. A departure under this subsection shall be for substantial and compelling reasons stating in writing.

MCL § 791.233e(6). Plaintiff contends, based on this language, prisoners with a "high probability of parole" are entitled to a presumption of parole and that in order to depart from that presumption,

the parole board must provide a substantial and compelling reason to deny parole.

Plaintiff is not entitled to his requested relief. As explained in the report and recommendation, this argument was explicitly rejected by the Sixth Circuit Court of Appeals in *Carnes v. Engler*, 76 F.App'x 79, 80 (6th Cir. 2003). The court found the restrictions on denying parole to prisoners with a high probability of parole score did not create a liberty interest. *Id.* The Sixth Circuit would have had the benefit of the *Babcock* decision because *Carnes* was released more than two months after the *Babcock* decision. The panel in *Carnes* reasoned the parole board retained sole discretion to grant or deny parole because MCL § 791.235(1)(a) provides that "[t]he release of a prisoner on parole shall be granted solely upon the initiative of the parole board." Even before *Carnes*, the Sixth Circuit held a prisoner has no constitutionally protected liberty interest in the procedural requirements in a state statute where the decision making body has broad discretion to grant or deny parole, as it is in Michigan. *Sweeton v. Brown*, 27 F.3d 1162, 1164-1165 (6th Cir. 1994) (en banc).

Plaintiff's position omits from its calculus the primary consideration imposed on the parole board when deciding whether to grant parole. "The grant of parole is subject to all of the following: (a) A prisoner shall not be given liberty on parole until the board has reasonable assurance . . . that the prisoner will not become a menace to society or to the public safety." MCL § 791.233(1)(a). *See Killebrew* 604 N.W.2d at 698 (describing the condition of parole provided at section 233(a)(1) as the "first and foremost" consideration) and *In re Parole of Johnson*, 219 Mich. App. 595, 598, 556 N.W.2d 899, 901 (1996) (describing section 233(a)(1) as "the most basic limitation on the parole board's discretion"). Each of the written decisions issued by the parole board either explicitly or inferentially conclude Plaintiff poses a risk to public safety. With this conclusion, Plaintiff cannot

5

establish what he has referred to as a "presumption of parole" afforded to prisoners who score a "high probability of parole."

## CONCLUSION

For the reasons provided above, report and recommendation (Dkt. No. 6), with the exception of sections II C and II D, is **ADOPTED OVER OBJECTIONS** as the opinion of the court. Plaintiff's complaint is **DISMISSED** for failure to state a claim. The court finds no good faith basis for an appeal pursuant to 28 U.S.C. § 1915(a)(3). *See McGore v. Wigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). The issues raised by Plaintiff have been repeatedly rejected by federal courts and no reasonable person could conclude any appeal would have merit.

## ORDER

Consistent with the contemporaneous opinion and for the reasons provided therein, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 6), except for sections II C and II D, is **ADOPTED OVER OBJECTIONS** as the opinion of the court.

2. Plaintiff's complaint is **DISMISSED** for failure to state a claim.

3. The dismissal of the complaint counts as a strike for the purposes of 28 U.S.C. § 1915(g).

4. Any appeal would not be taken in good faith.

4. This action is **TERMINATED.**

Date:   October 28, 2009              /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief, United States District Judge