UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR PORTER,
        Plaintiff,

No. 1:08-cv-429

-v-

HONORABLE PAUL L. MALONEY

JENNIFER GRANHOLM, ET AL.,
        Defendants.

ORDER DENYING MOTION FOR RECONSIDERATION

On October 28, 2009, the court issued an order (Dkt. No. 23) adopting a report and recommendation over objections. On November 12, 2009, Plaintiff Porter timely filed this motion for reconsideration under Federal Rule of Civil Procedure 59(e).

The Federal Rules of Civil Procedure provide authority for motions for reconsideration. A party may file a motion to alter or amend a judgment within 10 days after the entry of judgment. FED. R. CIV. P. 59(e). A motion brought under Rule 59(e) requests the court reconsider matters properly encompassed in a decision on the merits. *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 451 (1982). Under the rule, a district court may reconsider the judgment entered and may grant the motion for any of four reasons: (1) an intervening change in the controlling law, (2) newly discovered evidence, (3) to correct a clear error of law, or (4) to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Plaintiff has not alleged either a change in controlling law or newly discovered evidence.

Plaintiff asserts two errors. First, Plaintiff insists the Parole Board has limited, rather than broad, discretion to deny parole. Second, Plaintiff contends he has a liberty interest in his "high probability of parole" status, as opposed to a liberty interest in parole. Plaintiff requests either of

two avenues for relief. Plaintiff believes the court should reconsider the prior judgment and allow his complaint to proceed on the merits. In the alternative, Plaintiff requests the court allow an appeal of the two issues and cancel the "strike" against him.

The court is not convinced any error of law occurred or that some manifest injustice may result absent corrective action. Plaintiff has not established a procedural due process violation. To demonstrate such a violation of his rights, Plaintiff must show (1) he was deprived of a protected liberty interest or property interest and (2) such deprivation occurred without the required due process of law. *Club Italia Soccer & Sport Org., Inc. v. Charter Twp. Of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006). *See Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996). In order to prevail, Plaintiff must first establish that he has some protected liberty interest. The "threshold determination" must be the existence of some protected right. *Id.* Plaintiff cannot deny that he has no protected liberty interest in parole, or rather, being released on parole prior to the expiration of his prison sentence. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Plaintiff has not established either of the two prongs of a claim for a violation of his procedural due process rights. Plaintiff's argument, that he has a protected liberty interest because the parole board scheme limits the discretion of the parole board when the prisoner has a "high probability of parole," was squarely and explicitly rejected in *Carnes v. Engler*, 76 F.App'x 79, 80 (6th Cir. 2003). That panel concluded, despite the language in the statute relied upon by the plaintiff, the parole board retained the ultimate authority and discretion to grant parole. *Id.* Plaintiff cannot prevail even making the assumption that he does have a protected liberty interest in his "high probability of parole" status. Plaintiff cannot meet the second prong of a claim for a violation of his

procedural due process rights.  Plaintiff has never been deprived of his "high probability of parole" status.  Plaintiff has described how the parole guidelines score and weigh objective and verifiable factors.  Plaintiff has consistently received that score when the parole board has reviewed his case.  Plaintiff's complaint, however artfully worded, essentially requests a court to review the parole board's decision to deny him parole.  Because he does not have a liberty interest in parole, no error of law occurred.

Plaintiff's complaint was reviewed by the magistrate judge in the initial screening process and ultimately rejected for failing to state a claim.  *See* 28 U.S.C. § 1915A(a) and (b)(1).  Accordingly, the dismissal of the complaint constitutes a strike against Plaintiff.  28 U.S.C. § 1915(g); *Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007) ("the text of § 1915(b) draws no distinction between claims dismissed as frivolous or for failure to state a claim; both types of dismissals count as a strike").

The court has reviewed the claims, as well as the extensive list of cases provided in the report and recommendation, Plaintiff's objection, and motion for reconsideration.  Any appeal of the claims would not be brought in good faith.  Reasonable jurists would not disagree with the analysis and outcome of this court's treatment of Plaintiff's claims.

Therefore, Plaintiff's motion (Dkt. No. 25) for reconsideration is **DENIED.  IT IS SO ORDERED.**


Date:   November 18, 2009              /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               Chief United States District Judge